O

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-2181-DOC  Date: January 31, 2014
Criminal Case No. SACR 12-0125-DOC

Title: MOISES REFUJIO MOJICA-GALICIA v. UNITED STATES OF AMERICA

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:  ATTORNEYS PRESENT FOR DEFENDANT:
None Present  None Present

**PROCEEDINGS (IN CHAMBERS):**  **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND MOTION TO DEPART DOWNWARD [1] [6]**

Before the Court are Defendant Moises Refujio Mojica Galicia's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) and Motion to Depart Downward (Dkt. 6). After considering the Motion and Opposition, and filings attached thereto, the Court hereby DENIES both motions.

**I. BACKGROUND**

Moises Refujio Mojica Galicia ("Mr. Galicia") has been previously convicted of several aggravated felonies, including possession of cocaine, assault with a deadly weapon, and possession of a firearm with a prior felony. PSR ¶ 2. Mr. Galicia is an undocumented immigrant and was previously deported eight times from 1990 through 2008. *Id.* On April 11, 2012, he was arrested in Orange County, California for voluntarily reentering and remaining in the United States. *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-2181-DOC                                                           Date: January 31, 2014
Criminal Case No. SACR 12-0125-DOC

Page 2

He signed a "fast-track" plea agreement. DE ¶ 17. Under the terms of the agreement, Mr. Galicia stipulated to the above facts and agreed to a 16-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *Id.* ¶¶ 10, 12. The parties also agreed to a 4-level downward departure under the "fast-track" provisions and a 3-level downward departure for acceptance of responsibility. *Id.* ¶ 12.

On July 12, 2012, Mr. Galicia, represented by counsel, pled guilty pursuant to the plea agreement. *Id.* ¶ 25. At the plea hearing, defense counsel noted that defendant was being represented by a Spanish language interpreter and confirmed that he understood the proceeding "quite well." Pl.'s Ex. 1 at 4, 11. He confirmed that he had the plea agreement read to him in Spanish and that he understood them and agreed to them. *Id.* at 5, 9-10, 14.

On August 22, 2012, the U.S. Probation Office disclosed to the parties the modified PSR it had prepared. DE ¶ 26. On the same day, the Government filed a sentencing position. *Id.* ¶ 27.

On September 11, 2012, Mr. Galicia, through his counsel, filed a sentencing position. *Id.* ¶ 28. Mr. Galicia did not raise any objections to the PSR. Rather, he, through his counsel, accepted the PSR's Guidelines calculations and asked the Court to impose a sentence including 37 months of imprisonment. *Id.*

On September 254, 2012, the Court sentenced Mr. Galicia to 37 months of custody, plus three years of supervised release and a special assessment of $100. *Id.* ¶ 30. Mr. Galicia did not object at the sentencing hearing to the PSR, the Court's Guidelines calculations, or the sentence imposed, including the terms of supervised release. He, through his counsel, reaffirmed that the PSR's findings were correct and advocated a 37-month sentence.

## II. ANALYSIS

### A. Motion to Vacate, Set Aside, or Correct Sentence

#### 1. Waiver of Challenges to the Presentence Report

A defendant's failure to raise sentencing claims may later preclude that defendant from asserting those claims by way of a § 2255 motion. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994); *see also United States v. Donn*, 661 F.2d 820, 824 (9th Cir. 1982) ("A defendant waives his right to attack the presentence report through a 2255

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-2181-DOC  Date: January 31, 2014
Criminal Case No. SACR 12-0125-DOC

Page 3

motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal[.]"); *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir. 1990) (finding that the defendant waived his right to challenge the presentence report when the defendant "did not otherwise raise the issue prior to filing his § 2255 motion").

Mr. Galicia did not object or otherwise contest the PSR at the sentencing hearing and is, therefore, precluded from raising that issue in this § 2255 Motion.

### 2. Waiver of Challenges to the Court's Findings as to Prior Offenses

A stipulation to a particular issue is "tantamount to a waiver of [that] issue." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108-09 (9th Cir. 2001); *see also United States v. Nickell*, 883 F.2d 824, 828 (9th Cir. 1989) (factual stipulation waived objection to district court's finding of that fact). That principle also applied to stipulations contained in plea agreements. *See United States v. Manzo*, 675 F.3d 1204, 1210 (9th Cir. 2012).

Mr. Galicia waived his sentencing challenges through stipulation. In paragraph 12, he agreed that a 16-level enhancement was appropriate based on the fact that he was previously deported following a felony crime of violence. He affirmed those stipulations at the change of plea hearing and in his sentencing position paper. This Court was entitled to rely on those stipulations and Mr. Galicia waived any claim that this Court's findings were error.

### 3. Waiver of Challenges to the Terms of Supervised Release

Mr. Galicia cannot challenge the terms of his supervised release for the first time in a § 2255 Motion, when he did not raise any objections at any hearing or on appeal. *See Schlesinger*, 49 F.3d at 485. Furthermore, as explained above, Mr. Galicia stipulated to the terms of supervised release in his plea agreement, which states that "an appropriate disposition" of the case would include a three-year period of supervised release.

### 4. Ineffective Assistance of Counsel

In order to raise a constitutional claim of ineffective assistance of counsel, a defendant "must ordinarily point to the specific conduct which prejudiced him." *United States v. Mouzin*, 785 F.2d 682, 696-97 (9th Cir. 1986). Here, Mr. Galicia alleges only that "due [to] the lack of new discovery and ineffectiveness of counseling[,] he was not able to present any obje[c]tion." But, he provides no further detail as to what discoveries

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-2181-DOC Date: January 31, 2014
Criminal Case No. SACR 12-0125-DOC

Page 4

should have taken place. Mr. Galicia falls far short of the requirements for pleading ineffective assistance of counsel.

### B. Motion to Depart Downward

Mr. Galicia also filed a cryptic motion to depart downward, which appears to be a general description of the Sentencing Guidelines without any facts or arguments pertaining to his specific case. After considering this motion and reviewing the filings related to the sentencing, the Court DENIES this motion.

### III. DISPOSITION

For the reasons explained above, the Court DENIES Mr. Galicia's § 2255 Motion to Vacate, Set Aside, or Correct the sentence and DENIES his Motion to Depart Downward. Furthermore, the Court DISMISSES this action.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN Initials of Deputy Clerk: jcb